UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE | ) )  ) |
| HONEY TRANSHIPPING LITIGATION | ) ) Hon. Joan B. Gottschall ) ) ) ) Case No. 13-CV-02905 ) ) ) ) |

CLASS PLAINTIFFS' MOTION
FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

Pursuant to this Court's Order dated April 1, 2015 (Dkt. 236), Class Plaintiffs Richard L. Adee doing business as Adee Honey Farms; Bill Rhodes Honey Company, LLC; Hackenberg Apiaries; Edward J. Doan doing business as Doan's Honey Farms; and Wee Bee Honey Inc. (collectively, "Class Plaintiffs"), individually and on behalf of the conditionally certified Settlement Class, by undersigned Court-appointed Class Counsel, hereby move, pursuant to Federal Rule of Civil Procedure 23, and upon the authority and for the reasons set forth in Class Plaintiffs' Memorandum of Law in Support filed contemporaneously herewith, for entry of an Order and Judgment:

1. Granting the Motion of Class Counsel for Final Approval of Class Action Settlement;

2. Certifying the Settlement Class pursuant to Fed. R. Civ. P. 23(a), (b)(3) & (e);

3. Defining the Settlement Class as:

> All individuals and entities with commercial beekeeping operations of 300 or more hives and packers of honey that produced and/or sold honey in the United States during the period from 2001 to the present. The Settlement Class excludes: (a) counsel for the parties and members of their families; (b) the

      Released Parties; (c) all persons and entities who validly request exclusion from the Settlement Class pursuant to the terms of this Agreement; (d) the Individual Plaintiffs; and (e) Defendants in the Class Action, their alleged co- conspirators, respective parents, subsidiaries and affiliates, as well as any government entities, including the Court and its staff;

4. Appointing Adam J. Levitt and James J. Pizzirusso as Class Counsel pursuant to Rules 23(c)(1)(B) and 23(g) of the Federal Rules of Civil Procedure;

5. Finding that the Settlement is fair, reasonable, and adequate, that the Settlement was entered into in good faith and without collusion, and that the Settlement should be approved pursuant to Fed. R. Civ. P. 23(e);

6. Finding that the Class Notice fully and accurately informed all Settlement Class Members entitled to notice of the material elements of the Settlement Agreement, constituted the best notice practicable under the circumstances, constituted valid, due and sufficient notice, and complied fully with Rule 23, including Rule 23(c)(2)(B)(i)-(vii) and Rule 23(c)(3)(B), of the Federal Rules of Civil Procedure, the United States Constitution, and any other applicable law;

7. Finding that after proper notice to the Class and after sufficient opportunity to request exclusion, no timely requests for exclusion from this Settlement have been made;

8. Finding that after proper notice to the appropriate federal and state officials pursuant to 28 U.S.C. § 1715, and to the Class, and after sufficient opportunity to object, no timely objections to this Settlement have been made;

9. Finding that all individuals that fall within the Settlement Class definition set forth in paragraph 3 above to be members of the Settlement Class pursuant to Rule 23(c)(3)(B);

10. Approving the Settlement Class Release provided in paragraph 76(g) of the Settlement Agreement;

11. Releasing and discharging the Released Parties from all Released Claims, and enjoining and barring all Settlement Class Members, including such Settlement Class Members' past or present officers, directors, trustees, members, employers, employees, partners, member firms, affiliates, principals, agents, shareholders, attorneys, accountants, auditors, advisors, personal and legal representatives, heirs, beneficiaries, assigns, predecessors, successors, parents, subsidiaries, divisions, associates, related or affiliated entities, any members of their immediate families to the extent such Persons can be bound, as of the Effective Date, from asserting, instituting, recovering from or prosecuting in any capacity, before any court or governmental agency, any action or proceedings against the Released Parties that assert any Released Claims;

12. Releasing the Released Claims as defined in paragraphs 27 and 77 of the Settlement Agreement as to the Settling Defendants;

13. Releasing and barring any and all Class Members, including, but not limited to, those who have not properly opted out of the Class, from maintaining, continuing, prosecuting, and/or commencing the Litigation, Related Actions, Related Claims, or any action, pending or future, against the Settling Defendants (excluding Horizon Ltd. and Horizon Capital Partners III) that arises from, concerns, or otherwise relates, directly or indirectly, to the transshipment of Chinese-origin honey;

14. Dismissing the Class claims against Horizon Ltd. and Horizon Capital Partners III *without prejudice* as outlined paragraph 86 of the Settlement Agreement and preserving the Class' right to pursue claims against Horizon at a later date if the conditions in paragraph 53 of the Settlement Agreement are not met;

15. Finding that neither the Judgment nor the Settlement shall constitute any admission by the Settling Defendants, or any of them, of any liability or wrongdoing;

16. Finding that no class members, and no parties from whom payment is sought, have objected to Class Plaintiffs' Motion for an Award of Attorneys' Fees, Expenses, and Incentive Awards, filed August 3, 2015 (Dkt. 346, the "Fees Motion");

17. Granting the Fees Motion;

18. Awarding, pursuant to Rule 23(h) and Rule 54(d) of the Federal Rules of Civil Procedure, and consistent with the parties' agreement, a total distribution of $1,015,000 from the Settlement Fund to Class Counsel for payment of attorneys' fees and expenses ($990,000) and incentive awards to each of the five named plaintiffs in the amount of $5,000 each ($25,000), and giving Class Counsel authority to allocate those fees and expenses amongst all Plaintiffs' counsel;

19. Finding that, in accordance with Rule 54(b) of the Federal Rules of Civil Procedure, there is no just reason for delay of entry of final judgment with respect to the foregoing; and

20. Granting such other and further relief as the Court deems just and proper.

Dated: September 18, 2015

    Respectfully submitted,

    /s/ Adam J. Levitt_____
Adam J. Levitt (ARDC #6216433)
Edmund S. Aronowitz (ARDC #6304587)
**GRANT & EISENHOFER P.A.**
30 North LaSalle Street, Suite 2350
Chicago, Illinois 60602
Tel: (312) 214-0000
Fax: (312) 214-0001
alevitt@gelaw.com
earonowitz@gelaw.com

James J. Pizzirusso
Kristen M. Ward
**HAUSFELD, LLP**
1700 K Street N.W. Suite 650
Washington, D.C. 20006
Tel: (202) 540-7200
Fax: (202) 540-7201

4

jpizzirusso@hausfeldllp.com
kward@hausfeldllp.com

*Class Counsel*

Kenneth B. Bell
**GUNSTER**
215 South Monroe Street, Suite 601
Tallahassee, Florida 32301
Tel: (850) 521-1708
Fax: (850) 776-8377
kbell@gunster.com

Stephen Echsner
E. Samuel Geisler (ARDC# 6305996)
**AYLSTOCK, WITKIN, KREIS & OVERHOLTZ PLLC**
17 East Main Street, Suite 200
Pensacola, Florida 32502
Tel: (850) 202-1010
Fax: (850) 916-7449
sechsner@awkolaw.com
sgeisler@awkolaw.com

Daniel E. Gustafson
**GUSTAFSON GLUEK PLLC**
Canadian Pacific Plaza
120 South 6th Street, Suite 2600
Minneapolis, Minnesota 55402
Tel: (612) 333-8844
Fax: (612) 339-6622
dgustafson@gustafsongluek.com

*Additional Counsel for Plaintiffs and the Class*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 18, 2015, a copy of the foregoing was filed electronically using the Court's CM/ECF system and thereby served on all parties in interest.

Dated: September 18, 2015  /s/ Edmund S. Aronowitz

Edmund S. Aronowitz
**GRANT & EISENHOFER P.A.**
30 North LaSalle Street, Suite 2350
Chicago, Illinois 60602
Tel: (312) 214-0000
Fax: (312) 214-0001
earonowitz@gelaw.com