UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| IN RE | ) | |
| | ) | |
| HONEY TRANSSHIPPING LITIGATION | ) | Hon. Joan B. Gottschall |
| | ) | |
| | ) | Case No. 13-CV-02905 |
| | ) | |

**ORDER AND JUDGMENT: (1) CERTIFYING A SETTLEMENT CLASS AND; (2) GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

Upon consideration of the Motion of Class Counsel for Final Approval of Class Action Settlement, filed September 18, 2015, seeking final certification of the *In re Honey Transshipping Litigation* Settlement Class, as well as Class Plaintiffs' Motion for an Award of Attorneys' Fees, Expenses, and Incentive Awards, filed August 3, 2015 (Dkt. 346), it is hereby,

**ORDERED, ADJUDGED AND DECREED** that:

1. Capitalized terms used in this Order and Judgment shall have the same meaning as those defined in the Class Action Settlement Agreement and Release, which has been filed of record in this case as Docket Number 228.

2. The Motion of Class Counsel for Final Approval of Class Action Settlement is **GRANTED**.

3. Unless otherwise specified, the Settlement will be governed by the laws of Illinois.

4. The Settlement Class is certified pursuant to Fed. R. Civ. P. 23(a), (b)(3) & (e).

5. Consistent with the definition of the Settlement Class in paragraph 34 of the Settlement Agreement, as well as Rules 23(c)(1)(B) and 23(c)(3)(A) of the Federal Rules of Civil Procedure, the Settlement Class is defined as:

> All individuals and entities with commercial beekeeping operations of 300 or more hives and packers of honey that produced and/or sold honey in the United States during the period from 2001 to the present. The Settlement Class excludes: (a) counsel for the parties and members of their families; (b) the Released Parties; (c) all persons and entities who validly request exclusion from the Settlement Class pursuant to the terms of this Agreement; (d) the Individual Plaintiffs; and (e) Defendants in the Class Action, their alleged co- conspirators, respective parents, subsidiaries and affiliates, as well as any government entities, including the Court and its staff.

6. Pursuant to Rules 23(c)(1)(B) and 23(g) of the Federal Rules of Civil Procedure, the Court appoints Adam J. Levitt and James J. Pizzirusso as Class Counsel.

7. The Court finds that the Settlement is fair, reasonable, and adequate, that the Settlement was entered into in good faith and without collusion, and that the Settlement should be approved pursuant to Fed. R. Civ. P. 23(e).

8. The Court finds that the Class Notice fully and accurately informed all Settlement Class Members entitled to notice of the material elements of the Settlement Agreement, constituted the best notice practicable under the circumstances, constituted valid, due and sufficient notice, and complied fully with Rule 23, including Rule 23(c)(2)(B)(i)-(vii) and Rule 23(c)(3)(B), of the Federal Rules of Civil Procedure, the United States Constitution, and any other applicable law.

9. The Court finds that after proper notice to the Class and after sufficient opportunity to request exclusion, no timely requests for exclusion from this Settlement have been made.

10. The Court finds that after proper notice to the appropriate federal and state officials pursuant to 28 U.S.C. § 1715, and to the Class, and after sufficient opportunity to object, no timely objections to this Settlement have been made.

11. The Court finds that all individuals that fall within the Settlement Class definition set forth in paragraph 5 above to be members of the Settlement Class pursuant to Rule 23(c)(3)(B).

12. The Settlement Class Release provided in paragraph 76(g) of the Settlement Agreement is approved.

13. All Settlement Class Members, including such Settlement Class Members' past or present officers, directors, trustees, members, employers, employees, partners, member firms, affiliates, principals, agents, shareholders, attorneys, accountants, auditors, advisors, personal and legal representatives, heirs, beneficiaries, assigns, predecessors, successors, parents, subsidiaries, divisions, associates, related or affiliated entities, any members of their immediate families to the extent such Persons can be bound by this Judgment, shall, as of the Effective Date, conclusively be deemed to have released and forever discharged the Released Parties from all Released Claims, and all such persons and entities are forever enjoined and barred from asserting, instituting, recovering from or prosecuting in any capacity, before any court or governmental agency, any action or proceedings against the Released Parties that assert any Released Claims.

14. As of the Effective Date of the Settlement, the Released Claims as defined in paragraphs 27 and 77 of the Settlement Agreement will be released as to the Settling Defendants.

15. Any and all Class Members, including, but not limited to, those who have not properly opted out of the Class, are enjoined and forever barred from maintaining, continuing, prosecuting, and/or commencing the Litigation, Related Actions, Related Claims, or any action, pending or future, against the Settling Defendants (excluding Horizon Ltd. and Horizon Capital Partners III) that arises from, concerns, or otherwise relates, directly or indirectly, to the transshipment of Chinese-origin honey.

16. The Class claims against Horizon Ltd. and Horizon Capital Partners III are hereby dismissed without prejudice as outlined paragraph 86 of the Settlement Agreement. The Class retains the right to pursue claims against Horizon at a later date if the conditions in paragraph 53 of the Settlement Agreement are not met.

17. The Court finds that neither the Judgment nor the Settlement shall constitute any admission by the Settling Defendants, or any of them, of any liability or wrongdoing.

18. The Court finds that no class members, and no parties from whom payment is sought, have objected to Class Plaintiffs' Motion for an Award of Attorneys' Fees, Expenses, and Incentive Awards, filed August 3, 2015 (Dkt. 346, the "Fees Motion").

19. The Fees Motion is **GRANTED**.

20. Pursuant to Rule 23(h) and Rule 54(d) of the Federal Rules of Civil Procedure, and consistent with the parties' agreement, the Court awards a total distribution of $1,015,000 from the Settlement Fund to Class Counsel for payment of attorneys' fees and expenses ($990,000) and incentive awards to each of the five named plaintiffs in the amount of $5,000 each ($25,000), and authorizes Class Counsel to allocate those fees and expenses amongst all Plaintiffs' counsel.

21. The Court finds that, in accordance with Rule 54(b) of the Federal Rules of Civil Procedure, there is no just reason for delay of entry of final judgment with respect to the foregoing.

**IT IS SO ORDERED**:

_____  10/2/15
The Hon. Joan B. Gottschall
United States District Judge